UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROFESSIONAL APPRAISAL
SERVICES, INC.,                                             Case No. 1:05-CV-621

    Plaintiff/Counter-Defendant,                       Hon. Richard Alan Enslen

v.

CHRISTIAN B. MELTON,

    Defendant/Counter-Plaintiff.
_____/

CHRISTIAN B. MELTON,

        Plaintiff,                                     Case No. 1:05-CV-622
v.
                                                        Hon. Richard Alan Enslen
DANIEL F. ESSA and
JULIE K. LAWTON-ESSA,

        Defendants.           /                        **OPINION**

       This matter is before the Court on Plaintiff/Counter-Defendant, Professional Appraisal Services, Inc. and Defendants Daniel F. Essa and Julie K. Lawton-Essa's Motion to Strike Affidavits and Motion for Summary Judgment, and Defendant/Counter-Plaintiff Christian B. Melton's competing Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.[1]  The Motions have been fully briefed and the Court discerns no reason for oral argument. W.D. MICH. LCIVR 7.2(d).

---

[1] Plaintiff/Counter-Defendant Professional Appraisal Services, Inc. and Defendants Daniel F. Essa and Julie K. Lawton-Essa's Motion to Dismiss Defendant/Counter-Plaintiff Christian B. Melton's Complaints has presented matters outside the pleadings and will be reviewed pursuant to Federal Rule of Civil Procedure 56 as a motion for Summary Judgment. *See* FED. R. CIV. P. 12(c).

**I.   BACKGROUND**

Plaintiff/Counter-Defendant, Professional Appraisal Services ("Plaintiff PAS"), is a real estate appraisal company. Defendants Julie Lawton-Essa and Daniel Essa ("Defendants Essa") own PAS and operate as President and Vice-President of the company, respectively. On May 15, 2003, Defendant/Counter-Plaintiff Christian Melton ("Defendant Melton") signed a contract agreement with PAS, entitled "Independent Contractor Agreement"("the Agreement"). Defendant Melton provided appraisal services to PAS from May 15, 2003, until he terminated the relationship on or about November 14, 2004.

Upon Defendant Melton's termination of his business relationship with PAS, Defendants Essa sent a letter requesting repayment of monies PAS claimed he owed. Defendant Melton replied admitting he owed the educational expenses and seeking to pay off those expenses. On March 5, 2005, PAS filed an action in state court against Defendant Melton for the educational expenses as well as other debts it claims he owed pursuant to the Agreement. On August 26, 2005, Defendant Melton filed an Amended Answer to the action and also a counterclaim alleging that he was an employee under the Fair Labor Standards Act ("FLSA"). On this same day, Defendant Melton filed an identical Complaint against Defendants Essa. Both of these actions were removed to federal court and consolidated.

**II.   LEGAL STANDARDS**

Under the language of Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

### III.   DISCUSSION

#### A.   Motion to Strike Affidavits

Plaintiff PAS and Defendants Essa seek to strike portions of affidavits supporting Defendant Melton's Motion for Summary Judgment under the theory that portions of these affidavits are not based on personal knowledge, are not admissible as evidence, or are conclusory statements, or conflict with deposition testimony and therefore violate Rule 56(e).

In regards to the affidavit of Michael R. Hesson, paragraphs 6, 14 and 22 shall be struck from the affidavit because they are not based on personal knowledge. FED. R. CIV. P. 56(e). "The statements contained therein are nothing more than rumors, conclusory allegations and subjective beliefs . . . " *Mitchell v. Toledo Hosp*. 964 F.2d 577, 584 (6th Cir.1992). For this same reason, the second and third sentences in paragraph 22 will be struck from the affidavit of Thomas M. Stotenbur. Further, the Court also find that portions of Hesson,[2] Stotenbur,[3] and Lake's[4] affidavits should be struck for the reason that they are inadmissible hearsay and therefore also violate Rule 56(e). Here

---

[2] Hesson Aff. ¶ 8.

[3] Stotenbur Aff. ¶ 7

[4] Lake Aff. ¶ 14.

the affiants would not be allowed to testify at a trial to these statements because the statements are out of court statements that would be "offered into evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). Finally, the Court finds no merit to the argument that there are discrepancies between Defendant Melton's affidavit and his deposition testimony that merit striking it in whole or part. Therefore, Plaintiff PAS and Defendants Essas' Motion to Strike Affidavits is granted in part and denied in part.

### B. Independent Contractor versus Employee Status under FLSA

For Defendant Melton to collect his claimed back overtime wages, he must be considered an employee under FLSA. 29 U.S.C. § 201. Therefore, this employment relationship determination becomes the threshold issue for the parties' competing Motions for Summary Judgment. The definition for employee under FLSA is a broad one; "the term 'employee' means any individual employed by an employer." 29 U.S.C. § 203(e)(1). The Sixth Circuit has held that "the terms 'independent contractor', 'employee' and 'employer' are not to be construed in their common law senses [ in this situation]." *Donovan v. Brandel*, 736 F.2d 1114, 1115 (6th Cir. 1984). Instead, the relationship must be evaluated by its "economic reality" on a "case-by-case basis upon the circumstances of the whole business activity." *Id.*, *citing Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947). The economic realities test set forth in *Brandel* consists of six factors:

> 1) the permanency of the relationship between the parties; 2) the degree of skill required for the rendering of the services; 3) the worker's investment in equipment or materials for the task; 4) the worker's opportunity for profit or loss, depending upon his skill; and 5) the degree of the alleged employer's right to control the manner in which the work is performed; [6] whether the service rendered is an integral part of the alleged employer's business.[5]]

---

[5]This sixth factor was added in a footnote in *Brandel* and used in the Sixth Circuit's determination of employment status. *Brandel*, 736 F.2d at 1117 n.5.

*Brandel*, 736 F.2d at 1117.

Although the determination of an employment relationship is a matter of law, in the present case there are material facts that are sufficiently disputed by the parties so that granting summary judgment is not appropriate. *Fegley v. Higgins*, 19 F.3d 1126, 1132 (6th Cir. 1994). Some factors under the "economic realities" test present genuine issues of material fact, such that a fact-finder at the end of the analysis may be rationally persuaded to either outcome. For example, the facts supporting the permanency of the relationship (whether Defendant Melton was able to work for other companies), the degree of skill needed (does 96 hours of class time and a limited license give rise to being "skilled," and at what point did Defendant Melton acquire these skills), and level of control factors exercised (did PAS have employee appraisers who were treated the same as independent contractors; was the 40 hour work week enforced) are equally disputed and supported in the record.

Therefore, the Court finds that summary judgment will be denied to both parties on the issue of the employment relationship.

**C.     Agreement to Reimburse Educational Expenses**

Plaintiff PAS and Defendants Essa argue that they are entitled to partial summary judgment on the claim for reimbursement of educational expenses pursuant to the Agreement. However, factual issues over the validity of the contract itself are unresolved. For example, the Agreement contained a clause that Defendant Melton warranted he was an authorized real estate appraiser, despite all parties to the contract being aware he was not licensed. That further confuses the issue of the Agreement's "automatic termination clause" that would take effect if Defendant Melton's appraisers license was not kept current. For these reasons, the Court finds there are still genuine

5

issues of material fact and partial summary judgment would be inappropriate.  Therefore, the Court denies Plaintiff PAS and Defendants Essas' Motion for Partial Summary Judgment.

### IV.  CONCLUSION

The Court will grant in part and deny in part Plaintiff PAS and Defendants Essas' Motion to Strike Affidavits and deny the parties' competing Motion for Summary Judgment.

An Order consistent with this Opinion shall be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>       August 31, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |