UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROFESSIONAL APPRAISAL
SERVICES, INC.,

    Plaintiff/Counter-Defendant,

v.

CHRISTIAN B. MELTON,

    Defendant/Counter-Plaintiff.
                               /

Case No. 1:05-CV-621

Hon. Richard Alan Enslen

CHRISTIAN B. MELTON,

       Plaintiff,
v.

DANIEL F. ESSA and
JULIE K. LAWTON-ESSA,

       Defendants.      /

Case No. 1:05-CV-622

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiff/Counter-Defendant Professional Appraisal Services, Inc. ("Plaintiff PAS") and Defendants Daniel F. Essa and Julie K. Lawton-Essa's ("Defendants Essa") Motion for Clarification, Reconsideration or Relief from the Court's August 31, 2006 Opinion and Order denying Plaintiff and Defendants' Motion for Summary Judgment. Under Rule 7.4(a), Plaintiff PAS and Defendants Essa must demonstrate that the Court's Order suffers from a palpable defect, and must "also show that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a).[1]

---

[1] Plaintiff PAS and Defendants Essa also seek relief generally under Federal Rule of Civil Procedure 60. Relief under Rule 60 depends on which of the several subsections of the Rule are specified in the motion. In this case, Plaintiff PAS and Defendants Essa have not specified a subsection of the Rule and no subsection clearly applies. The residual clause, subsection (b)(6), does permit relief in unusual and extreme situations where the principles of equity mandate

## I.  INTRODUCTION

Plaintiff PAS and Defendants Essa ask the Court to clarify its previous Opinion and Order where the Court did not specifically address certain arguments for summary judgment and grant relief from that Order where necessary.  The Court addresses these arguments specifically in turn.

### A.  *Exempt Status*

The Court held there were genuine issues of material fact as to determining Defendant Melton's status as independent contractor or an employee under the FLSA.  Plaintiff PAS and Defendants Essa argue that even if Defendant/Counter-Plaintiff Christian B. Melton ("Defendant Melton") was an employee under the FLSA, he was exempt either under the professional exemption or the administrative exemption of the FLSA.  29 U.S.C. § 213(a)(1).

The Court finds that the same or similar genuine issues of material fact are present in this determination as were present in the determination of Defendant Melton's status as an independent contractor or employee under FLSA.  For example, to qualify under the professional exemption of the FLSA, the employee must be one who is considered a professional and paid a salary.  29 U.S.C. § 213(a)(1).  A professional is interpreted as one "whose primary duty is the performance of work (i) requiring knowledge of an advance[d] type in a field of science or learning customarily acquired by a prolong course of specialized intellectual instruction..." 29 C.F.R. §§ 541.300, 541.301.  There is a question as to whether Defendant Melton was doing a job that could be construed as requiring such knowledge or education.  To this effect, the level of skill Defendant Melton used and needed in his job, the amount and importance of training he had, the discretion he was given in his work, and the control Plaintiff PAS and Defendants Essa had over his work product are all genuine issues of material fact

---

relief.  *See Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990).  However, this Motion for Reconsideration does not present such a situation.

that bear on this determination.

To qualify for the administrative exemption, the employee must be one whose primary duty is the performance of office or non-manual work related to management or to general business operations and the employee's "primary duty" must include the "exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200. Again, as with the determination of independent contractor or employee status, here too, the amount of control Plaintiff PAS exercised over Defendant Melton's work product remains a genuine issue of material fact.

B.   *Sufficiency of the Evidence*

Next, Plaintiff PAS and Defendants Essa argue that Defendant Melton's claim for overtime wages should be dismissed as a matter of law because Defendant Melton could not produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference as required by FLSA. This Court finds that there is a question of material fact as to the number of hours worked, in light of the FLSA being a remedial measure which is to be construed liberally. *See Bridewell v. Cincinnati Reds*, 155 F.3d 828, 831 (6th Cir. 1998) (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)). Further, the facts must be taken in the light most favorable to the non-movant, Defendant Melton. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Supreme Court has stated,

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . we hold that an employee has carried out his burden if he proves he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee even though the result be only approximate.

3

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *Cf. Carter v. Panama Canal Co.*, 463 F.3d 1289, 1293 (D.C. Cir. 1972) (superceding *Anderson* by statute on other grounds); *see also Fegely v. Higgens*, 19 F.3d 1126, 1133 (6th Cir. 1994). Here, Plaintiff PAS kept no records as to Defendant Melton's hours worked. Defendant Melton has testified to the average hours he worked for Plaintiff PAS and offered other co-workers' affidavits to substantiate average time he spent in the office a week. The Court finds that this is sufficient to create a genuine issue of material fact.

    C.    *Reasonable Inference*

Plaintiff PAS and Defendants Essa argue that even if there is still an issue of genuine fact as to the sufficiency of the evidence of the hours worked, they can negate the reasonableness of any inference drawn from Defendant Melton's evidence. To that end, they offer Defendant Melton's own experience log which he created to obtain his General Appraisers License; however, Defendant Melton denies seeking his General License and the log is also only an estimate of the hours. Further, Plaintiff PAS and Defendants Essa offer the Court records of Defendant Melton's sign-in history at his gym. While the Court admits that the record offered is sufficient to show that Defendant Melton is a healthy individual, it fails to negate the inference that he did not work the hours he claims to have worked. By Plaintiff PAS and Defendants Essa's own admission, their independent contractors were encouraged to come and go as they please, and never feel that they had to be in the office at certain times. Defendant Melton maintains, and he offers affidavits of co-workers to substantiate, that he would go to the gym and then return to work, and work into the evening. The Court finds that summary judgment on this issue is not proper as there remains genuine issues of material fact.

    D.    *Applicable Statute of Limitation*

The statute of limitation for causes of action under FLSA are set forth in § 255 of the Portal-to-

Portal Act. 29 U.S.C. § 255(a). Section 255 states that all actions must be commenced within two years after the cause of the action accrued. *Id*. However, if the violation of FLSA was willful then the limitation period is three years. *Id*. Plaintiff PAS and Defendants Essa argue that any violation of FLSA was not willful and therefore any cause of action that accrued more than two years before Defendant Melton filed his Complaint is time barred.[2] In *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988), the Supreme Court adopted a standard of willfulness that requires "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id*. (citations omitted).

Plaintiff PAS and Defendants Essa argue knowledge and reckless disregard cannot be shown. Plaintiff PAS and Defendants Essa point to the independent contractor agreement and manual Defendant Melton signed and received to show that he agreed he was an independent contractor. They also point out that Defendant Daniel Essa is a lawyer and aware of pertinent case law regarding the issue of treating appraisers as independent contractors for tax purposes. However, the independent contractor agreement was not followed, nor was it accurate in many respects. Moreover, despite Plaintiff PAS and Defendants Essa's claim that no challenge to the independent contractor status had occurred before Defendant Melton's Complaint, there was a claim by an independent contractor under the Michigan Employment Security Act which resulted in a determination that she was an employee.

---

[2] Defendant Melton worked for Plaintiff PAS and Defendants Essa from May 15, 2003 until November 14, 2004. Defendant Melton filed his action under FLSA on August 26, 2005. The general rule under the FLSA is that a claim accrues at the end of each pay period for which the payment fails to comply with the statute. *See Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993); *see also Herman v. Palo Group Foster Home, Inc.*, 976 F. Supp. 696, 705 (W.D. Mich. 1997).

(Daniel Essa Dep. 81.)[3]  Also, the fact that Defendant Daniel Essa has a legal background cannot result in an automatic conclusion that he did not have knowledge or disregard of the violation.  In a light most favorable to Defendant Melton, there remains a genuine issue of material fact whether Plaintiff PAS and Defendants Essa were on notice of at least an adverse determination that an independent contractor was an employee, and their knowledge of Defendant Melton's status as an independent contractor remains at issue.

      E.     *Liquidated Damages*

Plaintiff PAS and Defendants Essa argue that to the extent that this Court finds Defendant Melton to be a non-exempt employee, no liquidated damages should be awarded pursuant to 29 U.S.C. § 216(b) because Plaintiff PAS and Defendants Essa reasonably believed they were not in violation of FLSA.  Plaintiff PAS and Defendants Essa argue the same facts as above to support the conclusion that their belief was in good faith and reasonable.

Pursuant to 29 U.S.C. § 216(b), liquidated damages in an amount equal to the amount of wages lost, is paid to a prevailing plaintiff under FLSA.  However, under the Portal-to-Portal Pay Act, 29 U.S.C. § 260, if the Court is satisfied that an employer has shown "the act or omission giving rise to such action was in good faith and that he had reasonable ground for believing that his act or omission was not a violation of [FLSA] . . . the court may, in its sound discretion, award no liquidated damages . . ." 29 U.S.C. § 260.  The regulations state that the Court's discretion to award liquidated damages is subject to two prerequisites.  29 C.F.R. § 790.22(a).  The employer must show the action or omission that gave rise to the violation was in good faith and also reasonable grounds for believing

---

[3] Defendant Essa claims the referee would have found in his favor but the former worker cried so he withdrew his appeal because he felt sorry for her.  (Daniel Essa Dep. 81.)

that the act or omission was not a violation existed; this is a substantial burden. *Elwell v. Univ. Hosp. Home Care Serv.*, 276 F.3d 832 (6th Cir. 2002); 29 C.F.R. § 790.22(b). Thus, the issue of whether the Court may deny a request for liquidated damages is a closely related question of willfulness discussed above. *Herman*, 976 F. Supp. at 706.

Again, genuine issues of material fact exist such that summary judgment on this issue is not appropriate. Plaintiff PAS and Defendants Essa contend that they reasonably believed Defendant Melton to be an independent contractor. There was a contract that specified the independent nature of the relationship and he was allowed to come and go as he pleased. However, Plaintiff PAS and Defendants Essa were aware of the fact Defendant Melton had no experience or license to be an appraiser when they hired him. They were also aware that he was not being paid a salary as the agreement had specified. Further, Plaintiff PAS and Defendants Essa were on notice from a previous independent contractor's claim under the Michigan Employment Security Act which resulted in a determination that she was an employee. Taken in a light most favorable to the non-movant, these issues create genuine issues of material fact.

## II.   CONCLUSION

Therefore, after a review of those arguments not specifically addressed by the Court in its previous Opinion and Order, the Court finds summary judgment is inappropriate. As a result, Plaintiff PAS and Defendants Essa have not demonstrated that the Court's Order suffered from a palpable defect, nor have they shown that a different disposition must result pursuant to Local Rule 7.4.

An Order consistent with this Opinion shall issue.

                                       /s/ Richard Alan Enslen  
DATED in Kalamazoo, MI:         RICHARD ALAN ENSLEN  
    November 3, 2006             SENIOR UNITED STATES DISTRICT JUDGE